CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
02/28/2019
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 6:06-cr-00007 |
| v. | MEMORANDUM OPINION |
| CARLOS ANTWAN WALKER, *Defendant*. | JUDGE NORMAN K. MOON |

Defendant Carlos Antwan Walker ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 135). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

A multi-count indictment was filed against Defendant on March 2, 2006. (Dkt. 3). On September 27, 2006, Defendant entered a written plea agreement with the United States pursuant to Rule 11(c)(1)(C) and pled guilty to conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Dkt. 40–44). Defendant later filed motions to reduce his sentence pursuant to Amendments 706 and 750, but they were denied due to his career offender status. (Dkts. 62, 63, 90, and 91). Defendant then filed this motion pursuant to the newly enacted First Step Act. (Dkt. 135).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were

modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id.*

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No. 111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from fifty grams to 280 grams. *Id*.

Because Defendant was determined to be a career offender, at the time of sentencing, his Sentencing Guideline Range was 262–327 months' imprisonment. On December 19, 2006, under the advisory guidelines and pursuant to the terms of the binding plea agreement, Defendant was sentenced to 240 months' imprisonment and 10 years' supervised release. (Dkt. 100). Under the First Step Act, the guideline range for Defendant's offense, taking into account his career offender status, is 188 to 235 months' imprisonment.

The Court has been advised that Defendant's projected release date is August 11, 2023. The parties agree that a reduction of Defendant's sentence to 172 months' imprisonment, but not less than time served, to be followed by 4 years of supervised release, is appropriate in this case. After a review of the record and consideration of the factors set forth in § 3553(a), the Court determines that this is an appropriate modification. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 28th day of February 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE